# EXHIBIT A

Case 2:21-cv-01229-CAS-JEM   Document 1-2   Filed 02/10/21   Page 2 of 9   Page ID #:35
Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2019 01:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
19STCV28436

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Broadbelt

1  Christine Haw (SBN 289351)
   Email: chaw@slpattorney.com
2  Tionna Dolin (SBN 299010)
   Email: tdolin@slpattorney.com
3  **STRATEGIC LEGAL PRACTICES, APC**
4  1840 Century Park East, Suite 430
   Los Angeles, CA 90067
5  Telephone:   (310) 929-4900
   Facsimile:   (310) 943-3838
6
7  Attorneys for Plaintiff ANNETTE CARRILLO

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                         COUNTY OF LOS ANGELES
10

11 | ANNETTE CARRILLO,                          | Case No.:
12 |                   Plaintiff,                | Hon.
13 |         vs.                                 | Dept.
14 |                                             |
15 | FCA US, LLC; CERRITOS DODGE                 | **COMPLAINT FOR VIOLATION OF**
   | CHRYSLER JEEP; and DOES 1 through 10,       | **STATUTORY OBLIGATIONS**
16 | inclusive,                                  |
17 |                   Defendants.               | JURY TRIAL DEMANDED

**COMPLAINT; JURY TRIAL DEMANDED**

Plaintiff alleges as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff ANNETTE CARRILLO.

2. Plaintiff is a resident of Los Angeles County, California.

3. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint, unless otherwise specified.

4. Defendant FCA US, LLC ("Defendant FCA") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Los Angeles County.

5. Defendant CERRITOS DODGE CHRYSLER JEEP ("Defendant Cerritos") is an unknown business entity organized and in existence under the laws of the State of California. At all times relevant herein, Defendant was engaged in the business of selling automobiles and automobile components, and servicing and repairing automobiles in Los Angeles County.

6. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

## FIRST CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT FCA
## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

7. On or about July 3, 2016 Plaintiff purchased a 2016 Jeep Patriot vehicle identification number 1C4NJPBB1GD739584, (hereafter "Vehicle"), from Defendant Cerritos,

1

**COMPLAINT; JURY TRIAL DEMANDED**

which was manufactured and or distributed by Defendant FCA. The Vehicle was purchased or used primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

8. In connection with the purchase, Plaintiff received an express written warranty, including a 3 year/36,000 miles bumper to bumper warranty and a 5 year/60,000 miles powertrain warranty, which covers the engine and transmission. Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

9. During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects causing a whistling noise from the brakes; defects causing a squeaking noise from the brakes; defects causing the driver's side power windows to be inoperable; defects requiring a cleaning and adjusting of brake drums; defects causing premature brake wear; electrical defects; defects causing the failure and/or replacement of the rear brake shoes and/or drums; defects causing a humming sound from the brakes; defects causing a buzzing/rattle sound from the brakes; defects causing the illumination of the check engine light ("CEL"); defects causing storage of Diagnostic Trouble Code ("DTC") P0456; defects causing the failure and/or replacement of the brake shoes; and/or any other defects described in the Vehicle's repair history. Said defects substantially impair the use, value, or safety of the Vehicle.

10. Plaintiff suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00.

11. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make

2

**COMPLAINT; JURY TRIAL DEMANDED**

1  restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil
2  Code section 1793.1, subdivision (a)(2).

3  12. Plaintiff has been damaged by Defendant's failure to comply with its
4  obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section
5  1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code
6  section 1794.

7  13. Defendant's failure to comply with its obligations under Civil Code section
8  1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that
9  they were unable to service or repair the Vehicle to conform to the applicable express
10 warranties after a reasonable number of repair attempts, yet Defendant failed and refused to
11 promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil
12 penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794,
13 subdivision (c).

14 14. Defendant does not maintain a qualified third-party dispute resolution process
15 which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is
16 entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code
17 section 1794, subdivision (e).

18 15. Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e)
19 in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code
20 section 1794, subdivision (f).

21              **SECOND CAUSE OF ACTION**
22          **BY PLAINTIFF AGAINST DEFENDANT FCA**
23  **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

24 16. Plaintiff incorporates by reference the allegations contained in the paragraphs
25 set forth above.

26 17. Although Plaintiff presented the Vehicle to Defendant's representative in this
27 state, Defendant and its representative failed to commence the service or repairs within a
28 reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

3

**COMPLAINT; JURY TRIAL DEMANDED**

warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

18. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

19. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

20. Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

### THIRD CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT FCA
### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

21. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

22. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

**COMPLAINT; JURY TRIAL DEMANDED**

23. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

## FOURTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT FCA
## BREACH OF EXPRESS WRITTEN WARRANTY
## (CIV. CODE, § 1791.2, SUBD. (a); § 1794)

24. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

25. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

26. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

27. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

///

///

///

# FIFTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANTS
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (CIV. CODE, § 1791.1; § 1794; § 1795.5)

28. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

29. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

30. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

31. At the time of purchase, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

32. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

///

///

///

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a. For Plaintiff's actual damages in an amount according to proof;

    b. For restitution;

    c. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

    d. For any consequential and incidental damages;

    e. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

    f. For prejudgment interest at the legal rate; and

    g. For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: August 12, 2019            STRATEGIC LEGAL PRACTICES, APC

BY: _____
Tionna Dolin
Attorney for Plaintiff
ANNETTE CARRILLO