UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | May 6, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(In Chambers)** ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

## I. INTRODUCTION AND BACKGROUND

On August 12, 2019, plaintiff Annette Carillo filed this action in Los Angeles Superior Court against defendants FCA US, LLC ("FCA"), Cerritos Dodge Chrysler Jeep, and Does 1 through 10, alleging five claims for: (1) failure to comply with obligation to repair or pay restitution for a defective vehicle, in violation the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), California Civil Code §§ 1790 et seq.; (2) failure to commence service or repairs with the period specified by the Song-Beverly Act; (3) failure to supply replacement parts during the express warranty period, in violation of the Song-Beverly Act; (4) breach of express warranty in violation of the Song-Beverly Act; and (5) breach of implied warranty in violation of the Song-Beverly Act. See generally dkt. 1-2 ("Compl."). The gravamen of plaintiff's complaint is that plaintiff's 2016 Jeep Patriot (the "vehicle") was delivered with serious defects, including defects in the vehicle's brake system, power window function, and check engine light.

On January 12, 2021, plaintiff filed a request in Los Angeles Superior Court to voluntarily dismiss defendant Cerritos Dodge Chrysler Jeep from this action. Dkt. 1-3 On February 10, 2021, FCA removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Dkt. 1 ("NTC of Removal"). FCA avers that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | May 6, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

plaintiff's voluntary dismissal of Cerritos Dodge Chrysler Jeep created complete diversity between the parties.[1]

On April 16, 2021, plaintiff filed a motion to remand this action to state court. Dkt. 14-1 ("Mot."). On April 26, 2021, FCA filed an opposition. Dkt. 16 ("Opp'n"). Plaintiff filed a reply on May 3, 2021. Dkt. 17 ("Reply").

## II. LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Removal founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction. Id. Conclusory allegations are insufficient. Id. at 1091.

## IV. DISCUSSION

Plaintiff moves to remand this action to Los Angeles Superior Court. Plaintiff contends that the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 because

---

[1] FCA further contends that removal of this action to federal court is appropriate and timely pursuant to 28 U.S.C. § 1446(b)(3) and (c). First, FCA states that this action was removed within 30 days after it could first be ascertained that the case "ha[d] become removable." Second, FCA argues that plaintiff joined Cerritos Dodge Chrysler Jeep in bad faith and, as such, the one-year time limit on removal based on diversity jurisdiction is inapplicable. Because FCA filed its notice of removal on February 10, 2021, and plaintiff did not file a motion to remand within 30 days of the filing of the notice of removal, plaintiff has waived her right to pursue a motion to remand based on a procedural defect as to the timeliness of the removal. See 28 U.S.C. § 1447(c) (motion to remand based on any defect other than lack of subject matter jurisdiction must be filed within 30 days after the filing of the notice of removal); see also Smith v. Mylan Inc., 761 F.3d 1042, 1045–46 (9th Cir. 2014) (holding that district court lacked authority to remand *sua sponte* on the basis of defendants' violation of the one-year time limit on removal based on diversity jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | May 6, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

FCA has not carried its burden to demonstrate that the amount in controversy requirement is satisfied.[2]  Mot. at 4.  FCA opposes the motion.  See Opp'n.

The Song-Beverly Act, under which plaintiff's claims arise, permits plaintiffs to recover "damages and other legal and equitable relief."  Cal. Civ. Code § 1794(a).  The measure of damages includes the sum of (1) restitution, (2) "a civil penalty which shall not exceed two times the amount of actual damages," and (3) "the aggregate amount of costs and expenses, including attorneys fees based on actual time expended." Cal. Civ. Code § 1794.  The Song-Beverly Act defines restitution as "the actual price paid by the buyer," Cal. Civ. Code § 1793.2(d)(2)(B), including collateral charges such as tax and registration fees, as "reduced by an amount attributable to the consumer's use," Cal. Civ. Code § 1793.2(d)(2)(C).  The reduction in restitution based on plaintiff's use of the vehicle is calculated as follows:

> The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle ... for correction of the problem that gave rise to the nonconformity.

Id. (referred to as the "mileage offset").

FCA contends that it has made a sufficient evidentiary showing regarding the appropriate mileage offset for plaintiff's use of the vehicle prior to reporting a defect. See Opp'n at 8.  Specifically, FCA submits a July 27, 2017 repair order from Cerritos Dodge Chrysler Jeep for plaintiff's vehicle, which states that plaintiff delivered the vehicle for service with complaints that the "breaks squeak coming from the rear drums" and "both drivers side power windows will not roll up at times".  Dkt. 16-2.  The repair order shows that the vehicle's mileage as of July 27, 2017 was 13,741.  Id.  As such, FCA argues that the mileage offset calculation, under which "13,741 miles is divided by 120,000 miles and then multiplied by the purchase price," $29,602.06, results in a mileage offset of $3,389.68 to plaintiff's potential restitution.  Opp'n at 8-9.  Based on that calculation, FCA states that

---

[2] Plaintiff appears to concede in her reply brief that she is a citizen of California for diversity purposes.  See generally, Reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | May 6, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

the measure of plaintiff's actual damages is $26,212.38 and as such, applying a 2x civil penalty, the amount in controversy is $78,637.14. Id.

Plaintiff contends that defendant has not submitted reliable evidence demonstrating the amount of the mileage offset, and, as such, has not met its burden to demonstrate that the amount in controversy requirement is satisfied. Reply at 7-8. Plaintiff argues that the July 27, 2017 repair order does not reflect the "first repair attempt for the substantially impairing defect" but instead was selected by FCA "apparently at random" because it reflects "a repair visit involving what [FCA] describes as 'brake concerns'." Id. As such, plaintiff contends that FCA's calculation of the mileage offset is arbitrary. Id. However, plaintiff does not put forward any competing explanation or evidence as to when she first delivered her vehicle for repair of the defects she alleges or what the mileage on her vehicle was at that time. As such, the Court is unable to determine whether a larger mileage offset is appropriate.

## V.     CONCLUSION

Based on the foregoing, plaintiff is hereby **ORDERED TO SHOW CAUSE** on or before **May 21, 2021** as to why she contends that the mileage offset for her use of the vehicle should be greater than $3,389.68. Defendant shall file any response to plaintiff's submission on or before **May 28, 2021**. The parties' submissions are not to exceed five (5) pages.

Thereafter, the matter will stand submitted.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |