UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND
(Dkt. 14, filed April 16, 2021)

## I. INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.

On August 12, 2019, plaintiff Annette Carillo filed this action in Los Angeles Superior Court against defendants FCA US, LLC ("FCA"), Cerritos Dodge Chrysler Jeep, and Does 1 through 10, alleging five claims for: (1) failure to comply with obligation to repair or pay restitution for a defective vehicle, in violation the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), California Civil Code §§ 1790 et seq.; (2) failure to commence service or repairs with the period specified by the Song-Beverly Act; (3) failure to supply replacement parts during the express warranty period, in violation of the Song-Beverly Act; (4) breach of express warranty in violation of the Song-Beverly Act; and (5) breach of implied warranty in violation of the Song-Beverly Act. See generally dkt. 1-2 ("Compl."). The gravamen of plaintiff's complaint is that plaintiff's 2016 Jeep Patriot was delivered with serious defects, including defects in the Vehicle's brake system, power window function, and check engine light.

On January 12, 2021, plaintiff filed a request in Los Angeles Superior Court to voluntarily dismiss defendant Cerritos Dodge Chrysler Jeep from this action. Dkt. 1-3 On February 10, 2021, FCA removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Dkt. 1 ("NTC of Removal"). FCA avers that plaintiff's voluntary dismissal of Cerritos Dodge Chrysler Jeep created complete diversity between the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

On April 16, 2021, plaintiff filed a motion to remand this action to state court. Dkt. 14-1 ("Mot."). On April 26, 2021, FCA filed an opposition. Dkt. 16 ("Opp'n"). Plaintiff filed a reply on May 3, 2021. Dkt. 17 ("Reply"). On May 6, 2021, the Court issued an order to show cause directing plaintiff to respond as to "as to why she contends that the mileage offset for her use of the vehicle should be greater than $3,389.68." Dkt. 18 ("OSC"). Plaintiff filed a response to the order to show cause on May 21, 2021. Dkt. 21 ("P OSC Resp."). Defendant filed its response to the order to show cause on May 28, 2021. Dkt. 23 ("D OSC Resp.").

## II.  BACKGROUND

On July 3, 2016, plaintiff purchased a 2016 Jeep Patriot ("the Vehicle") from Cerritos Dodge Chrysler Jeep; the Vehicle was manufactured and distributed by FCA. Compl. ¶ 7. In connection with her purchase, plaintiff alleges that she received an express written warranty, including a "3 year/36,000 miles bumper to bumper warranty" and a "5 year/60,000 miles powertrain warranty," each of which provided that if the Vehicle developed a covered defect during the warranty period, plaintiff could deliver the Vehicle to the defendants for repair. Id. ¶ 8. Plaintiff alleges that during the warranty period, the Vehicle developed various defects, including, *inter alia*, whistling and squeaking noises from the brakes, premature brake wear, inoperable driver's side power windows, electrical defects, a malfunctioning check engine light, and a defect "causing storage of Diagnostic Trouble Code ("DTC") P0456." Id. ¶ 9. Plaintiff further alleges that FCA has been unable to service or repair the vehicle "after a reasonable number of opportunities" and has also "failed to promptly replace the Vehicle or make restitution." Id. ¶¶ 11, 17.

## III.  LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Defendants contend that the Court has diversity jurisdiction over this action. In order to establish removal jurisdiction over a diversity action pursuant to 28 U.S.C. § 1332, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

removing defendant must demonstrate that (1) the amount in controversy exceeds $75,000, and (2) the suit is between citizens of different states. When a complaint filed in state court alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402-404 (9th Cir. 1996). Conversely, "[w]here it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 793 (9th Cir. 2018). This sum is determined as of the date of removal. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217–18 (3rd Cir. 1999). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Express, Inc., 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547, 554 (2014). Where the plaintiff contests the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 550

## IV. DISCUSSION

In FCA's notice of removal, FCA argues that the Court has diversity jurisdiction of this action because the amount in controversy exceeds $75,000, plaintiff is a citizen of California, and the sole remaining defendant, FCA, is not a citizen of the State of California.[1] NTC of Removal at ¶¶ 29-31. Plaintiff moves to remand this action to Los

---

[1] FCA further contends that removal of this action to federal court is appropriate and timely pursuant to 28 U.S.C. § 1446(b)(3) and (c). First, FCA states that this action was removed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

Angeles Superior Court, arguing that the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 because FCA has not carried its burden to demonstrate that the amount in controversy requirement is satisfied.[2]  Mot. at 4.

The Song-Beverly Act, under which plaintiff's claims arise, permits plaintiffs to recover "damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). The measure of damages includes the sum of (1) restitution, (2) "a civil penalty which shall not exceed two times the amount of actual damages," and (3) "the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended." Cal. Civ. Code § 1794.

1. **Legal Certainty Test**

FCA argues in its opposition that the amount in controversy "exceeds $75,000" because plaintiff alleges that she suffered "damages in a sum to be proven at trial in an amount that is not less than $25,001," and is seeking a civil penalty in the amount of two times her "actual damages," plus costs and attorneys' fees. Opp'n at 3; see also Compl. ¶ 11. FCA's position is that $25,001 represents plaintiff's claim for actual damages and, as such, plaintiff's actual damages of $25,001 plus a two times civil penalty of $50,002 places at least $75,003 in controversy. Opp'n at 5. Plaintiff counters that the $25,001 alleged in the body of her complaint "references [p]laintiff's total damages, which includes both

---

within 30 days after it could first be ascertained that the case "ha[d] become removable." Second, FCA argues that plaintiff joined Cerritos Dodge Chrysler Jeep in bad faith and, as such, the one-year time limit on removal based on diversity jurisdiction is inapplicable. NTC of Removal ¶¶ 35-36. Because FCA filed its notice of removal on February 10, 2021, and plaintiff did not file a motion to remand within 30 days of the filing of the notice of removal, plaintiff has waived her right to pursue a motion to remand based on a procedural defect as to the timeliness of the removal. See 28 U.S.C. § 1447(c) (motion to remand based on any defect other than lack of subject matter jurisdiction must be filed within 30 days after the filing of the notice of removal); see also Smith v. Mylan Inc., 761 F.3d 1042, 1045–46 (9th Cir. 2014) (holding that district court lacked authority to remand *sua sponte* on the basis of defendants' violation of the one-year time limit on removal based on diversity jurisdiction).

[2] Plaintiff appears to concede in her reply brief that she is a citizen of California for diversity purposes. See generally, Reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

actual damages and civil penalties," and is therefore insufficient, standing alone, to satisfy the amount in controversy requirement. Mot. at 5; Reply at 1.

The Court finds that plaintiff's complaint does not allege that more than $75,000 is in controversy with sufficient specificity to support application of the "legal certainty" test. As an initial matter, the Ninth Circuit has held that where, as here, a damage estimate is articulated in the body of the complaint and "not repeated in the Prayer for Relief […] the complaint fails to allege a sufficiently specific total amount in controversy" for the "legal certainty' test to be applied. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007); see also Bourland v. Ford Motor Co., No. 5:19-CV-08456-EJD, 2020 WL 5797915, at *3 (N.D. Cal. Sept. 29, 2020) (applying Guglielmino in Song-Beverly action). Likewise, numerous district courts have found that an allegation in a state court complaint seeking damages "not less than $25,001," without more, is too speculative and ambiguous to support a finding that the amount in controversy requirement is satisfied based on the presence of a civil penalty provision.[3] See e.g. Limon-Gonzalez v. Kia Motors Am., Inc., No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *3 (C.D. Cal. July 7, 2020) (collecting cases); Mullin v. FCA US, LLC, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) ("the Court finds that the allegations in plaintiff's complaint do not make clear whether he is seeking more than $25,001 in actual damages or total damages.).

FCA's cited authority does not compel a different conclusion. As support for its argument that the damages allegation in plaintiff's complaint is sufficient to satisfy the jurisdictional requirement, FCA relies principally on Bernstein v. BMW of N. Am., LLC, in which a Northern District of California court found an allegation that "the amount in controversy exceeds twenty five thousand dollars ($25,000), *exclusive* of interests and costs" and "*[i]n addition*, [seeks] incidental, consequential, exemplary, and actual damages" placed at least $75,000 in controversy. No. 18-1801 JSC, 2018 WL 2210683 at *2 (N.D. Cal. May 15, 2018) (emphasis in original). However, as several district courts have explained, the language of the allegations in Bernstein, where plaintiff explicitly sought exemplary damages (i.e. the two times civil penalty) "in addition" to its alleged $25,000 in damages, is distinguishable from the allegation at issue here, where plaintiff

---

[3] Notably, to qualify as an "unlimited civil case" in California state court, a matter must "involve more than $25,000." See California Courts, Cases for Over $25,000, https://www.courts.ca.gov/1065.htm?rdeLocaleAttr=en (last visited June 24, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

alleges only that she has suffered damages "in a sum to be proven at trial in an amount that is not less than $25,001," and the prayer for relief makes "no mention […] of a total dollar amount in controversy." See e.g. Feichtmann v. FCA US LLC, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *2 (N.D. Cal. June 18, 2020)(distinguishing the Bernstein request for "exemplary damages in addition to the $25,000" from a request for "not less than $25,001" because "although there are various items listed in the prayer for relief […] it is unclear which of those items are subsumed within the $25,001.00 figure."); Limon-Gonzalez v. Kia Motors Am., Inc., No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *4 (C.D. Cal. July 7, 2020) (finding Bernstein distinguishable because it "involved wholly different, less ambiguous complaint language regarding damages" than the request for "not less than $25,001" at issue.). Here, as in those cases, although plaintiff lists various items in her prayer for relief, it is not clear from the face of the complaint whether those items are included within or separate from the $25,001 figure alleged in paragraph 10. See Edwards v. Ford Motor Co., 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("Defendant's assertion that these damages refer only to actual damages [as opposed to total damages] is only an assumption.").

Accordingly, because the amount in controversy is unclear from the face of plaintiff's complaint, the Court must determine whether defendants have met their burden to demonstrate by a preponderance of the evidence that the amount in controversy is greater than $75,000. See Fritsch, 899 F.3d at 793.

2. **Preponderance of the Evidence Test**

In its notice of removal, FCA contends that the amount in controversy is at least $88,806.18, calculated as: "[p]laintiffs actual damages of the purchase price of $29,602.06 plus $59,204.12 as a double civil penalty pursuant to the Song-Beverly Act." NTC of Removal ¶ 27.

Plaintiff challenges FCA's calculation of the amount in controversy, and contends that because FCA has not met its burden of demonstrating that it exceeds $75,000, this action must be remanded to state court. Plaintiff contends: (1) that FCA has improperly calculated restitution because it has failed to proffer evidence demonstrating the applicable mileage offset under the Act and account for other required offsets, (2) that FCA improperly "assumes, without evidence, that [p]laintiff will recover the maximum amount of civil penalties," and (3) that FCA has failed to proffer any evidence of attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

Reply at 3, 6, 9; see also P OSC Resp. at 3-4.[4]  The Court addresses the amount in controversy calculation below.

### a. Compensatory Damages Pursuant to Song-Beverly Act

The parties agree that if plaintiff is successful on her claims, she may be entitled to restitution under the Song-Beverly Act. However, the parties disagree as to the maximum restitution that plaintiff may be entitled to recover.

The Song-Beverly Act defines restitution as "the actual price paid by the buyer," Cal. Civ. Code § 1793.2(d)(2)(B), including collateral charges such as tax and registration fees. Cal. Civ. Code § 1793.2(d)(2)(C).  However, the calculation of restitution excludes "nonmanufacturer items installed by a dealer or the buyer," and is "reduced by an amount attributable to the consumer's use." Id.

It appears from the sales contract submitted by FCA that the total purchase price of the Vehicle was $29,602.06, including a $5,000 down payment.[5] Dkt. 1-11 ("Exh. J") at 3. The $29,602.06 included "any charges for transportation and manufacturer installed options," and plaintiff's financing charges, taxes, and fees, which are correctly included in the amount in controversy because they are recoverable pursuant to the Song-Beverly Act. See id.; Mitchell v. Blue Bird Body Co., 80 Cal. App. 4th 32, 34 (2000).

The Court first considers whether any reduction to the $29,602.06 amount is appropriate.  As part of that purchase price, plaintiff agreed to pay $1,348.00 to Century Automotive Services, a third-party, for an "Optional Service Contract."[6] Id. at 3. Because

---

[4] FCA contends that plaintiff's response to the Court's order to show cause should be discounted because plaintiff does not squarely address the Court's request for information regarding why she "contends that the mileage offset for her use of the Vehicle should be greater than $3,389.68." D OSC Resp. at 1. However, "[b]ecause this motion deals with the Court's subject matter jurisdiction, the Court will address all relevant arguments to determine the Court's jurisdiction."  Phillips-Harris v. BMW of N. Am., LLC, No. CV202466MWFAGRX, 2020 WL 2556346, at *4 (C.D. Cal. May 20, 2020)

[5] Plaintiff does not challenge the accuracy of the sales contract.

[6] Plaintiff also agreed to a $200 service contract with Mopar, the parts & service division of FCA.  See https://www.fcagroup.com/en-US/brands/Pages/mopar.aspx (last visited June 24, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

the Song-Beverly Act excludes restitution for "non-manufacturer items installed by a dealer or buyer," this optional charge must be excluded from the purchase price of the vehicle for purposes of the restitution calculation. Cal. Civ. Code § 1793.2(d)(2)(B). In her response to the Court's order to show cause, plaintiff contended that the purchase price of the Vehicle should be further reduced in the amount of the $3000 manufacturer's rebate applied to her down payment, exh. J at 3, because the rebate is an amount by which FCA has previously reimbursed plaintiff for the Vehicle. P OSC Resp. at 4. However, the amount of the manufacturer's rebate appears to have been included in plaintiff's total purchase price for the Vehicle, as applied to her down payment, and plaintiff provides no statutory or case law authority for the proposition that the amount of restitution she may be entitled to recover must be reduced by the amount covered by the rebate.[7] As such, a $3,000 reduction is not warranted here based on the manufacturers' rebate. Accordingly, the Court finds that $29,602.06 minus $1,348.00, or $28,254.06, is the relevant amount paid by plaintiff.

The Court must next determine the appropriate reduction of that amount based on plaintiff's use of the Vehicle. See Hernandez v. FCA US, LLC, No. CV 20-1058-RSWL-MAA, 2020 WL 3497399, at *3 (C.D. Cal. June 29, 2020). Pursuant to the Song-Beverly Act, the reduction in restitution based on plaintiff's use of a vehicle is calculated as follows:

> The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle ... for correction of the problem that gave rise to the nonconformity.

---

[7] Of note, courts in this district routinely calculate the amount of restitution a plaintiff may be entitled to recover under the Song-Beverly Act without applying any reduction to account for manufacturers' rebates. See e.g. Mullin v. FCA US, LLC, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3; dkt. 1-6 (C.D. Cal. May 14, 2020) (addressing calculation of appropriate restitution *without* applying reduction for $500 manufacturers' rebate applied to down payment); Grossman v. FCA US LLC, No. CV 172048-DMG-JPR(x), 2017 WL 10581093, at *2, dkt. 1-1 (C.D. Cal. May 25, 2017) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

Id. (referred to as the "mileage offset").

Plaintiff contends that no mileage offset may appropriately be applied, arguing that FCA has not met its burden to submit reliable evidence identifying the first repair attempt for the defects at issue, and the mileage on the Vehicle at that time. Reply at 7-7; P OSC Resp. at 4-5. Plaintiff acknowledges that FCA has submitted a July 27, 2017 repair order for the Vehicle from Cerritos Dodge Chrysler Jeep, which states that plaintiff delivered the Vehicle for service with complaints that the "breaks squeak coming from the rear drums" and "both drivers side power windows will not roll up at times." Exh. J. However, plaintiff argues that the July 27, 2017 repair order does not reflect the "first repair attempt for the substantially impairing defect" but instead was selected by FCA "apparently at random" because it reflects "a repair visit involving what [FCA] describes as 'brake concerns'." Id. As such, plaintiff contends that FCA's calculation of the mileage offset is arbitrary. Id.

As a general matter, a repair order reflecting the mileage on a vehicle at the time of a plaintiff's first warrantable claim is "summary-judgment-type evidence" that is "sufficient to establish a mileage estimate under the Song-Beverly Act." Grossman, 2017 WL 10581093, at *2. Here, the July 27, 2017 repair order presented by FCA reflects that plaintiff delivered the Vehicle for repair of several of the defects for which she claims warranty coverage on that date and specifies that the vehicle's mileage as of July 27, 2017 was 13,741. See Exh. J. Moreover, in response to the Court's order to show cause as to "as to why she contends that the mileage offset for her use of the vehicle should be greater than" FCA's estimate, plaintiff has failed to come forward with any evidence or other explanation indicating that she first delivered the Vehicle to FCA for repair of the alleged defects on any later date. See generally P OSC Resp. As such, the Court finds that FCA has met its burden to put forward evidence sufficient to establish a mileage estimate, and will apply mileage of 13,741 in calculating the appropriate offset.

The Court has determined that the "actual price" plaintiff paid for the Vehicle is $28,254.06. To determine the reduction for plaintiff's use, the Court multiplies $28,254.06 by a fraction equal to the 13,741 miles driven by plaintiff prior to first delivering the Vehicle to FCA for repair divided by 120,000 (i.e. 28,254.06 x (13,471/120,000)). Accordingly, the net mileage offset for plaintiff's use of the vehicle is $3235.36.

For purposes of this motion, the Court therefore estimates the amount of restitution available pursuant to the Song-Beverly Act to be $28,254.06 minus the mileage offset of $3235.36, or $25,018.70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

### b. Civil Penalty

It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiff's claims for relief. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). Pursuant to the Song-Beverly Act, "[i]f the buyer establishes that the failure to comply was willful, the judgment may include ... a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c). Courts treat the Song-Beverly Act's civil penalties akin to punitive damages. See e.g. Suman v. Superior Court, 39 Cal. App. 4th 1309, 1317 (1995) ("These subdivision (c) penalties have been likened, by courts, to punitive damages"). The Court estimates the amount in controversy by assuming plaintiff's allegations are true. See e.g. Campbell v. Vitran Express, Inc., 471 Fed.Appx. 646, 648 (9th Cir. 2012). Here, plaintiff alleges that FCA's failure to comply with its obligations under the Song-Beverly Act was "willful, in that [FCA was] aware that [it] was unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, and yet [FCA] failed and refused to promptly replace the vehicle or make restitution. Accordingly, [p]laintiff is entitled to a civil penalty of two times [p]laintiff's actual damages." Compl. ¶ 13, Prayer for Relief; see also Park v. Jaguar Land Rover N. Am., LLC, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination"). As such, the amount in controversy estimate may include a two-times civil penalty.

Here, the Court has calculated that the amount of actual damages available as restitution is $25,018.70. Pursuant to the Song-Beverly Act, the maximum available civil penalty is twice that amount, or $50,037.40.

The sum of the restitution and civil penalty amounts in controversy is $75,056.10.[8] Accordingly, the Court finds that the $75,000 jurisdictional requirement has been satisfied, and **DENIES** motion to remand for lack of subject matter jurisdiction.

---

[8] Because the Court concludes that the jurisdictional amount has been satisfied, it need not consider the parties' dispute as to whether FCA has met its burden to demonstrate the amount of attorneys' fees that are potentially recoverable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:21-cv-01229-CAS-JEMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | ANNETTE CARILLO V. FCA USA, LLC ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, Plaintiff's motion to remand this action to the Los Angeles Superior Court is **DENIED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |